**FLEMMING ZULACK WILLIAMSON ZAUDERER LLP**
One Liberty Plaza, 35th Floor
New York, NY 10006
(212) 412-9500

Dean R. Nicyper (DN-7757)

Attorneys for Defendant
Sotheby's, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SUNIL KAMAT,                                   :
                                               :   Index No. 05 CV 10618 (KMW)
                        Plaintiff,             :
                                               :
        -against-                              :
                                               :   **ANSWER**
AZIZ KURTHA, and SOTHEBY'S, INC.               :
                                               :
                        Defendants.            :
-----------------------------------------------------------------x

Defendant Sotheby's, Inc. ("Sotheby's"), by its attorneys, answers the First Amended Complaint of Sunil Kamat ("Kamat") as follows:

1-4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, and 4 of the First Amended Complaint and defers all questions of law to this Court.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the First Amended Complaint, except admits upon information and belief that plaintiff and his wife are collectors of contemporary Indian art.

6-8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6, 7, and 8 of the First Amended Complaint.

9. Admits that Sotheby's, Inc. is a corporation, doing business at 1334 York Avenue, in the State, County and City of New York.

10. With respect to paragraph 10 of the First Amended Complaint, Sotheby's admits that Francis Newton Souza is a famous modern artist and that the other allegations in paragraph 10 of the First Amended Complaint accurately reflect aspects of the reported history regarding Francis Newton Souza.

11-13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11, 12, and 13 of the First Amended Complaint.

14. Admits with respect to paragraph 14 of the First Amended Complaint that, on or about July 21, 2004, Plaintiff consigned "Winter Trees in Central Park," oil on board by Francis Newton Souza, (the "Painting") to Sotheby's for inclusion in Sotheby's Southeast Asian Art sale (the "Sale"), scheduled for September 24, 2004, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the First Amended Complaint.

15. Admits with respect to paragraph 15 of the First Amended Complaint that Sotheby's received a letter, but refers to the letter for the contents thereof.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the First Amended Complaint.

17. Admits that Sotheby's withdrew the Painting from the sale upon receipt of evidence of competing claims to the Painting, but denies that the sole basis for such withdrawal was the letter referred to in paragraph 17 of the First Amended Complaint.

18. Admits that Sotheby's has advised Plaintiff that it cannot return the Painting until either (1) Plaintiff and Defendant Aziz Kurtha submit concurring written instructions for

282836/24148

its release or (2) Sotheby's receives a final, non-appealable order from a court of competent jurisdiction, and otherwise denies paragraph 18 of the First Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the First Amended Complaint.

20. Admits that Sotheby's Senior Claims Administrator wrote a letter to Plaintiff on September 20, 2004, and refers to the letter for the contents thereof.

21-26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 21, 22, 23, 24, 25, and 26 of the First Amended Complaint.

27. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations concerning Plaintiff's motivations in initiating this action as alleged in paragraph 27 of the First Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the First Amended Complaint.

29. With respect to paragraph 29 of the First Amended Complaint, Sotheby's incorporates by reference and realleges as if fully set forth herein its answers to paragraphs 1 through 28 of the First Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the First Amended Complaint and defers all questions of law to this Court.

31. Admits that Sotheby's received an e-mail communication on or about January 25, 2005, and refers to the e-mail for the contents thereof, and otherwise denies the allegations in paragraph 31 of the First Amended Complaint.

282836/24148

32-33.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 32 and 33 of the First Amended Complaint.

34.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the First Amended Complaint, except admits that Mr. Souza's works generally have appreciated in value since 2002.

35.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the First Amended Complaint.

36-50.   With respect to paragraphs 36 through 50 of the First Amended Complaint, Sotheby's states that all of these paragraphs are within causes of action not asserted against Sotheby's and therefore a response from Sotheby's is not required or appropriate, and Sotheby's otherwise denies all such allegations in such paragraphs if, and to the extent, any are intended to be asserted against Sotheby's.

51.   With respect to paragraph 51 of the First Amended Complaint, Sotheby's incorporates by reference and realleges as if fully set forth herein its answers to paragraphs 1 through 50 of the First Amended Complaint.

52.   Admits Plaintiff has demanded return of the Painting he consigned to Sotheby's, avers that Sotheby's is not in a position to determine whom, as between Plaintiff and Defendant Kurtha, is entitled to the Painting, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the First Amended Complaint and refers all questions of law to this Court.

53.   Admits that Sotheby's is not in a position to determine whom, as between Plaintiff and Defendant Kurtha, is entitled to the Painting, and therefore Sotheby's is not in a position to return the Painting unless and until Plaintiff and Kurtha submit concurring written

4

instructions for its release or unless Sotheby's receives a final, non-appealable order from a court of competent jurisdiction, and otherwise denies paragraph 53 of the First Amended Complaint.

## DEFENSES

### FIRST DEFENSE

Sotheby's is a disinterested stakeholder. Sotheby's does not claim title to, or any ownership of, the Painting. Sotheby's, however, is subject to potential double liability as a result of the competing claims of plaintiff and defendant Aziz Kurtha. Sotheby's is not in a position to resolve the competing claims of these other two parties, but will follow any instructions regarding release of the Painting provided that (i) the two competing claimants concur in all respects with regard to any such instructions or (ii) such instructions are set forth in a final, non-appealable order from this Court or any court of competent jurisdiction.

### SECOND DEFENSE

Any damages sustained by Plaintiff are the result of the actions or inactions of persons or entities for whose conduct Sotheby's is not responsible.

### THIRD DEFENSE

At all times hereto, Sotheby's acted reasonably and in good faith.

### FOURTH DEFENSE

Sotheby's breached no duty owed to Plaintiff or any third party, and Sotheby's complied in all respects with the terms of the Consignment Agreement between plaintiff and Sotheby's. Sotheby's reserves all of its rights under that Consignment Agreement.

WHEREFORE, defendant Sotheby's, Inc. requests that the Court direct Sotheby's, Inc. with respect to the appropriate disposition of the Painting and dismiss Sotheby's from the action with prejudice and order such other further relief as this Court deems appropriate.

Dated: New York, New York
      Thursday, June 1, 2006

                          FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

                          By: _____
                              Dean R. Nicyper (DN-7757)
                          One Liberty Plaza
                          New York, New York 10006
                          (212) 412-9500

                          Attorneys for Defendant
                          Sotheby's, Inc.

TO:    Barbara Hoffman, Esq.
        The Hoffman Law Firm
        330 West 72nd Street
        New York, NY 10012
        (212) 873-6200

        Attorneys for Plaintiff
        Sunil Kamat

282836/24148

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SUNIL KAMAT,

                      Plaintiff,

    -against-

AZIZ KURTHA, and SOTHEBY'S, INC.

                      Defendants.
------------------------------------------------------------------x

Index No. 05 CV 10618 (KMW)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                              ) ss.:
COUNTY OF NEW YORK )

        WILLY VELAZQUEZ, being duly sworn, deposes and says:

        1.    I am not a party to this action, am over 18 years of age, and reside at 192 Claremont Avenue, Apt. 5-D, New York, NY 10027.

        2.    On June 1, 2006, I served copies of the within (1) Answer and (2) Defendant Sotheby's Response to Plaintiff's Cross-Motion for an Order Pursuant to Rule 4(f)(3) and Rule 4(n) (Writ of Replevin) by mail by depositing true and correct copies of same, enclosed in post-paid, properly addressed envelopes, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to the following:

**Barbara Hoffman, Esq.**
The Hoffman Law Firm
330 West 72nd Street
New York, New York  10023

**Dr. Aziz Kurtha**
Lufti & Co.
Sheikh Zayed Road
Al Attar Business Tower, 16th Floor
P.O. Box 8812
Dubai, UAE

_____
WILLY VELAZQUEZ

Sworn to before me this
2nd day of June, 2006

_____
Notary Public

ANDREW J. SCHOLZ
Notary Public, State of New York
No. 02SC6096754
Qualified in New York County
Commission Expires August 4, 20__

283062/24148