```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

SUNIL KAMAT,
                Plaintiff,
                                            05 CV 10618 (KMW)(THK)
                                                    ORDER
-against-

AZIZ KURTHA,
                Defendant.

---------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

    Plaintiff Sunil Kamat ("Plaintiff") filed suit against Defendant Aziz Kurtha ("Defendant"), seeking declaratory judgment that he is the rightful owner of a 1971 Francis Newton Souza painting titled "Winter Trees in Central Park," (the "Painting"). On April 26, 2006, Defendant filed a motion to dismiss the Complaint for lack of subject matter jurisdiction and insufficient service of process, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5). On December 1, 2006, Magistrate Judge Theodore H. Katz issued a Report and Recommendation (the "Report"), familiarity with which is assumed, recommending that the Court deny Defendant's Motion to dismiss. For the reasons set forth below, the Court adopts the Report.

1

**I.    Background[1]**

The Report thoroughly recounts the background of this case; the Court repeats the facts here only as necessary.  Plaintiff is a resident of California and a collector of contemporary Indian art.  Compl. ¶ 5.  He purchased the Painting on July 9, 2003, from the Louise Korman Gallery in Edinburgh, Scotland, for £3,241.86, and remained in possession of it for a little over one year.  Compl. ¶¶ 11, 14.  On July 21, 2004, Plaintiff consigned the Painting to Sotheby's, Inc., for sale in its September 2004 Southeast Asian Auction.  Compl. ¶ 13.

On September 14, 2004, Defendant, a resident of Dubai, United Arab Emirates ("U.A.E."), informed Sotheby's that the Painting had been stolen from his collection in London and asserted his claim to it.  Compl. ¶ 14.  Sotheby's withdrew the Painting from the auction and, pursuant to an Order of the Court, has retained possession on the Court's behalf pending resolution of this matter.  Compl. ¶¶ 16-17; Order, July 13, 2006.

Plaintiff filed this declaratory judgment action, which Defendant has moved to dismiss for lack of subject matter

---

[1] The facts as set forth in this order have been taken from the Complaint and are assumed to be true in accordance with the legal standard of review on a motion to dismiss. See Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999), cert. denied, 528 U.S. 1188 (2000).  In considering subject matter jurisdiction, it is proper to refer to evidence beyond the pleadings to resolve disputed jurisdictional facts.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

jurisdiction and lack of personal jurisdiction as a result of improper service.  On May 22, 2006, Plaintiff filed an Amended Complaint,[2] as well as a Cross-Motion for an Order Pursuant to Rule 4(f)(3), permitting court-directed alternative means of service, and Rule 4(n), for a writ of replevin.  Plaintiff's request for a writ of replevin was resolved by the Court's July 13, 2006 Order, which instructed Sotheby's to retain possession of the Painting, subject to the Court's exclusive control, and dismissed Sotheby's as a party to the action.

Magistrate Judge Katz recommended that the Court deny Defendant's motion.  Defendant timely objected, but only to the Report's recommendation that the Court has subject matter jurisdiction over the case.

**II. Discussion**

Defendant states that he "respectfully disagree[s]" with the Report's recommendation to deny his motion to dismiss for insufficiency of process but "will not pursue the objection any further."  Def.'s Objections ¶ 1.  Because Defendant does not formally object to that portion of the Report, the Court reviews it only for clear error.  "'If no objections are filed, or where

---

[2] The Complaint and the First Amended Complaint are virtually identical.  The primary difference between the two is that the First Amended Complaint includes a Fifth Cause of Action for Replevin against Sotheby's, which has been resolved.

objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error.'" Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (quoting Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270, *3 (S.D.N.Y. Sept. 30, 2002)).

The Court has reviewed the Report, and finds its conclusions pertaining to Defendant's motion to dismiss for insufficiency of process to be well-reasoned and free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The Court therefore accepts and adopts the Report's recommendation that Defendant's motion to dismiss for insufficiency of process be denied.

Defendant focuses his objections on the Report's conclusion that Plaintiff has properly invoked the Court's diversity of citizenship jurisdiction. Because Plaintiff's objections are specific, the Court reviews the Report's recommendation to deny Defendant's motion based on Federal Rule of Civil Procedure 12(b)(1) de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72(b).

The requirements for subject matter jurisdiction under diversity of citizenship are familiar: the parties must be

4

completely diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). As the Report correctly states, the amount-in-controversy requirement depends upon the facts alleged at the time the complaint is filed. Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co., 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)). Because there is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy," Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir.1999), "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Chase Manhattan Bank, N.A., 93 F.3d at 1070 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938)). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id.

Defendant's objections repeat much of what he argued before Magistrate Judge Katz. He points to the fact that, in preparation for a 2004 auction, Sotheby's estimated the value of the Painting to be between $15,000 and $20,000.[3] Def.'s

---

[3] Defendant has attached copies of letters memorializing settlement discussions to his objections. He states that these discussions support his argument that Plaintiff does not expect to recover more than $20,000. Def.'s Objections 4, 2(i). Because "[e]vidence [of settlement discussions] is not admissible on behalf of any party, when offered to prove liability for,

Objections 2, 2(b), 2(d). Given the substantial difference between $20,000 and $75,000, he reasons, it is inappropriate to credit Plaintiff's allegation regarding the amount in controversy.

While the discrepancy between $20,000 and $75,000 is large, the Court agrees with the Report's conclusion that it is not possible to "say with legal certainty that Plaintiff had no basis for claiming an amount in controversy exceeding $75,000." Report 4. Although Plaintiff purchased the Painting for only £3,241.86, both the Complaint and the First Amended Complaint allege that its value has steadily increased. The First Amended Complaint also asserts that a London art expert familiar with Souza's oeuvre estimates the value of this Painting to be between $60,000 and $80,000. First Am. Compl. ¶ 34. That expert -- Conor Macklin -- filed a declaration stating that the increasing affluence and number of collectors of contemporary Indian art supports his valuation. Decl. of Conor Macklin, May 10, 2006, 8. Finally, the Court notes that Plaintiff has requested compensatory and punitive damages for slander of title and tortious interference with contract. Because recovery on both or either of these claims is legally possible, see Colavito v. N.Y.

---

invalidity of, or amount of a claim that was disputed as to validity or amount," the letters are irrelevant to the calculation of the amount in controversy. Fed R. Evid. 408(a).

<u>Organ Donor Network, Inc.</u>, 438 F.3d 214, 221 (2d Cir. 2006), they are appropriately considered in the amount-in-controversy calculation. <u>A.F.A. Tours, Inc. v. Whitchurch</u>, 937 F.2d 82, 87 (2d Cir. 1991). Thus, the Court concludes that Plaintiff has satisfactorily established that the amount in controversy exceeds the statutory minimum of $75,000.

For the above reasons, the Court adopts Magistrate Judge Katz's thorough and well-reasoned Report. Defendant's Motion to Dismiss [Docket #6] is denied. Plaintiff's Cross-Motion for an Order pursuant to Rule 4(f)(3), permitting court-directed alternative means of service is moot [Docket #14]. The parties are instructed to comply with Magistrate Judge Katz's December 4, 2006 Order, as amended by the Court's December 13, 2006 Memorandum Endorsement.

SO ORDERED.

Dated:   New York, New York
         January 19, 2007

                                  _____
                                  Kimba M. Wood
                                  United States District Judge