```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
SUNIL KAMAT,

                 Plaintiff,

      -against-
                                       05 Cv. 10618 (KMW) (THK)
                                            OPINION AND ORDER

AZIZ KURTHA,

                 Defendant.
--------------------------------------X
```
WOOD, U.S.D.J.:

On December 16, 2005, Plaintiff, Sunil Kamat, a collector of Indian art, filed a Complaint for declaratory relief against Defendant, Aziz Kurtha, a fellow art collector.  Plaintiff seeks (1) a declaration that he is the rightful owner of a painting by Francis Newton Souza ("Souza") entitled "Winter Trees in Central Park" ("Painting") (Count I), (2) damages for slander of title (Count II), (3) damages for tortious interference with contractual and business relations (Count III), and (4) damages for tortious interference with prospective economic advantage (Count IV).  Defendant filed a counterclaim seeking a declaration that he is the rightful owner of the Painting.

On August 29, 2007, Plaintiff moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.  By Report and Recommendation, dated April 14, 2008 (the "Report"), Magistrate Judge Theodore H. Katz recommends that the motion be denied in

1

its entirety.  For the following reasons, the Court adopts the Report's recommendation and DENIES Plaintiff's motion for summary judgment in its entirety.

## I. Background

On April 14, 2008, Magistrate Judge Katz issued his Report, familiarity with which is assumed.  The Report recommends that the Court deny Plaintiff's Motion for Summary Judgment because material facts remain in dispute regarding (1) whether Plaintiff is entitled to a declaration of title (Count I) and (2) whether Defendant committed slander of title (Count II).  Plaintiff failed to provide any argumentation in support of the Motion for Summary Judgment on Counts III and IV.  Therefore, the Report recommends the denial of the Motion for Summary Judgment on these counts.  See Lyn v. Inc. Vill. of Hempstead, 2007 U.S. Dist. LEXIS 46957, 52 n. 13 (E.D.N.Y. 2007) (explaining that issues mentioned in a perfunctory manner without any developed argumentation need not be considered).

Because the Report relates to a dispositive matter, the Court reviews findings to which there is no objection for clear error and findings to which there are timely objections de novo. Fed. R. Civ. P. 72(b); Darby Trading Inc. v. Shell Int'l Trading & Shipping Co., 568 F. Supp. 2d 329, 335 (S.D.N.Y. 2008).

**II. <u>Findings to Which There Is No Objection</u>**

The parties do not object to the Report's recommendation that the Court, sitting in diversity jurisdiction, should apply New York State law.  Therefore, the Court reviews this recommendation for clear error.  The Court has reviewed the Report's analysis as to the choice of law question and finds it to be well-reasoned and free of any clear error on the face of the record.  Accordingly, the Court adopts the Report's recommendation and applies New York State law to the claims at issue here.  (Report, at 6-8.)

Likewise, the parties do not object to the Report's recommendation that the requests for summary judgment on Count III (damages for tortious interference with contractual and business relations) and Count IV (damages for tortious interference with prospective business advantage) be denied because the Plaintiff fails to provide argumentation in support of these requests.  (Report, at 2 n.1.)  The Court finds that the Report did not clearly err in recommending the denial of summary judgment on Counts III and IV, and DENIES summary judgment on these counts.

**III. <u>Findings to Which There Are Objections</u>**

    **A. Summary Judgment Standard**

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file,

3

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007); Citizens Bank v. Hunt, 927 F.2d 707, 710 (2d Cir. 1991). A genuine issue of material fact exists if there is sufficient evidence to allow a "reasonable jury" to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The burden of demonstrating the absence of any genuine issue of material fact rests with the moving party. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Grady v. Affiliated Cent., Inc., 130 F.3d 553, 559 (2d Cir. 1997). A court must view the evidence presented "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Am. Cas. Co. v. Nordic Leasing, Inc., 42 F.3d 725, 728 (2d Cir. 1994) (internal quotations omitted).

### B. Declaration of Title

Plaintiff seeks a declaration that he is the rightful owner of the Painting, and argues that (1) Defendant did not meet his burden of establishing that he ever had title to the Painting; (2) even if the Court finds that Defendant had title to the Painting, Defendant's claim to the Painting is barred by

4

laches; (3) Defendant has abandoned his ownership interest in the Painting; (4) Defendant is equitably estopped from asserting his ownership interest; (5) the statute of limitation bars Defendant from asserting his ownership interest; or (6) Defendant extinguished his title to the Painting by gifting it to Christopher Wood ("Wood").  The Report rejects each of these arguments advanced by the Plaintiff.

   1. <u>Ownership</u>

   Plaintiff argues that Defendant is unable to establish that he ever had title to the Painting, and thus that Defendant has no basis on which to now claim title.  The Report rejects this argument, finding that Plaintiff provides no evidentiary support for his claim that Defendant never had title to the Painting.  (Report, at 3 n.3.)

   Plaintiff objects to the Report's conclusion, arguing that he did provide sufficient evidentiary support for his claim that Defendant never had title to the Painting, and that this evidence was not properly considered by Magistrate Judge Katz. After a careful review of the evidence, the Court adopts the Report's recommendation.  The evidence cited by Plaintiff is not incompatible with Defendant's prior ownership of the Painting. Thus, the Report correctly notes that Plaintiff does not provide evidence sufficient to support a finding as a matter of law that

Defendant never had title to the Painting. The Court DENIES summary judgment on this basis.

2. <u>Laches</u>

The Report concluded that there is a genuine issue of material fact as to whether Defendant asserted his legal interest in the Painting during his interactions with Wood in the spring of 2003. Accordingly, the Report recommended that the Court deny the motion for summary judgment to the extent that it relies on laches. (Report, at 15-16.)

Plaintiff objects to the Report's recommendation, stating that a reasonable factfinder could not conclude that Defendant's oral and written statements to Wood constituted an assertion of Defendant's rights to the Painting. Plaintiff argues that there are no genuine issues of material fact and the motion for summary judgment should be granted based on laches.

Taking all the facts in the light most favorable to Defendant, the non-moving party, <u>Am. Cas. Co. v. Nordic Leasing, Inc.</u>, 42 F.3d 725, 728 (2d Cir. 1994), the Court agrees with the Report's assessment that a reasonable factfinder could find that Defendant asserted his rights to the Painting in his communications with Wood.[1] Accordingly, the Court adopts the

---

[1] The Court notes that laches requires a court to assess whether the owner acted diligently in pursing his interest in the contested property. <u>Remsen Funding Corp. v. Ocean W. Holding Corp.</u>, 2007 U.S. Dist. LEXIS 81438 (S.D.N.Y. 2007)(citing <u>Veltri v. Bldg. Serv. 32b-J Pension Fund</u>, 393 F.3d 318, 326 (2d Cir.

Report's recommendation and DENIES the Plaintiff's motion for summary judgment to the extent that it relies on the doctrine of laches.

    3. Abandonment

The Report concluded that Defendant's failure to demand the return of the Painting upon learning that it was within Wood's possession does not establish abandonment as a matter of law. (Report, at 20-21.) Plaintiff argues that other facts

---

2004)). To establish a lack of diligence as a matter of law, the moving party must show that the owner's failure to demand the return of the property upon discovering the stolen property's location was unreasonable under the circumstances. See Songbyrd, Inc. v. Estate of Grossman, 206 F.3d 172, 182 (2d Cir. 2000))("An owner having discovered the location of its lost property, cannot unreasonably delay making demand upon the person in possession of that property"). This is a highly fact specific inquiry. Tri-Star Pictures v. Leisure Time Prods., B.V., 17 F.3d 38, 44 (2d Cir. 1994)("The equitable nature of laches necessarily requires that the resolution be based on the circumstances peculiar to each case.").

    Courts are reluctant to find as a matter of law that an owner has failed to act diligently in demanding the return of his property. Courts make such findings when, for example, the owner's delay in demanding the return of the property was extreme. See, e.g., Robins Island Preservation Fund, Inc. v. Southold Development Corporation, 959 F.2d 409, 424 (2d Cir. 1992)(the Court granted summary judgment in favor of the defendants on the laches claim because plaintiff knew the location of the property and chose not to lay claim to the land for approximately two centuries).

    In the Report, Magistrate Judge Katz treated Defendant's assertion of his right to the Painting as sufficient evidence that Defendant demanded the return of the Painting. (Report, at 15-16.) Because Plaintiff does not object to that approach, the Court reviews for clear error the Report's treatment of the assertion of title as evidence of Defendant demanding the return of the Painting. Finding no clear error, the Court adopts the Report's recommendation.

demonstrate that Defendant intended to relinquish his ownership interest in the Painting.

For Plaintiff to establish that Defendant abandoned the Painting, Plaintiff would have to show (1) that Defendant intended to abandon the Painting, and (2) that Defendant's action or inaction demonstrated that intent. Shaul v. Cherry Valley-Springfield Cent. Sch. Dist., 218 F. Supp. 2d 266, 270 (N.D.N.Y 2002)("To prove abandonment of property, the defendants need 'proof both of an owner's intent to abandon the property and of some affirmative act or omission demonstrating that intention.'" (quoting Hoelzer v. City of Stamford, 933 F.2d 1131, 1138 (2d Cir. 1991)).  Plaintiff has not established that Defendant intended to abandon the Painting.

As the Report notes, Defendant stated to Wood that the Painting belonged to Defendant, and Defendant refused to transfer title to Wood.  The Court adopts the Report's conclusion that "[t]he intent behind Defendant's communications with Wood is not so clear and obvious that the Court can, as a matter of law, conclude that Defendant abandoned the Painting." (Report, at 20.)

### 4. Additional Claims

Plaintiff also argues that he is entitled to the Painting on inter vivos gift, statute of limitations, and equitable estoppel grounds.  However, Plaintiff failed to raise

these arguments before Magistrate Judge Katz.[2]  Accordingly, the Court shall not address these bases for declaration of title. See Mitchell v. Adm'r and Dir. of Assigned Counsel Plan, 2005 U.S. Dist. LEXIS 13301 (S.D.N.Y. July 1, 2005) (declining to address an argument not previously raised when the matter was before the magistrate judge); Baker v. ACE Advertisers' Serv., 153 F.R.D. 38, 43 (S.D.N.Y. 1992)(stating that the Court need not address arguments that were not raised before the magistrate judge because a "party is not entitled as of right to a de novo review by the judge of an argument never seasonably raised before the magistrate" (internal citation omitted)).

## IV. Slander of Title

After reviewing Plaintiff's claim for slander of title, Magistrate Judge Katz found that there was evidence in the record that would permit a reasonable factfinder to conclude that Defendant had owned the Painting and that it was stolen from him. Accordingly, the Report recommends that the Court should not find

---

[2] Plaintiff contends that he did, in fact, raise the equitable estoppel argument before Magistrate Judge Katz and that the Report erred in not considering the equitable estoppel argument.  However, the Court finds that Magistrate Judge Katz correctly decided that a passing reference to "estoppel" as part of a list of possible bases for relief, in conjunction with a reference to an affidavit in which estoppel is discussed, is insufficient to raise equitable estoppel as a possible basis for declaratory judgment.  Therefore, it is proper to treat the equitable estoppel argument the same way as the inter vivos gift and statute of limitations arguments – as arguments that were not raised before Magistrate Judge Katz.

as a matter of law that Defendant committed slander of title. (Report, 22.)  Plaintiff challenges this recommendation, arguing that Defendant's claim to title is "nothing more than a baseless attempt to cause Plaintiff to part with his valuable possession." (Plaintiff's Complaint ¶ 1.)

There is a genuine issue of material fact as to whether Defendant has a right to the Painting.  Thus, the Court cannot find as a matter of law that Defendant recklessly disregarded the truth when he asserted title to the Painting.  See Fink v. Shawangunk Conservancy, Inc., 15 A.D.3d 754, 756 (N.Y. App. Div. 3d Dep't 2005) (explaining that to prevail on a slander of title claim, the moving party must show that the other party made assertions with a reckless disregard for the truth). Accordingly, the Court adopts the Report's recommendation, and DENIES Plaintiff's motion for summary judgment with respect to Count II of the Complaint.

**V. Conclusion**

For the reasons stated above, the Court adopts the Report's recommendations and DENIES in its entirety Plaintiff's motion for summary judgment (D.E. 39).[3]  The parties shall file a Joint Pretrial Order pursuant to the Court's Individual Practices

---

[3] The Court need not reach the Defendant's objections to the Report.

no later than January 23, 2009. This case is deemed Ready for Trial January 28, 2009.[4]

      SO ORDERED.

Dated: New York, New York
     January 15, 2009

            _/s/ Kimba M. Wood_
            Kimba M. Wood
            United States District Judge

---

[4] At any time after the Ready Trial Date, the Court may call the parties to trial upon forty-eight hours notice. No adjournment of that trial date will be permitted, unless counsel has faxed to chambers an _affidavit_ stating that he or she is engaged in trial in another court! This affidavit shall include: (1) the caption of the other case, including its index number; (2) the expected length of the trial; (3) the court in which the other case is to be tried; and (4) the name and telephone number of the judge presiding over the case. Counsel shall notify the Court and all other counsel in writing, at the earliest possible time, of any particular scheduling problems involving out-of-town witnesses or other exigencies.