USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

SUNIL KAMAT,

                Plaintiff,

    -against-
                                        05 Cv. 10618 (KMW)(THK)
                                                ORDER

AZIZ KURTHA,

                Defendant.

---------------------------------------X
```

WOOD, U.S.D.J.:

On January 15, 2009, the Court denied the Plaintiff's motion for summary judgment in the above captioned case and set a ready trial date of January 28, 2009. (Docket Entry ("D.E") 67) Subsequent to that Order, the Parties have raised several issues. The Court addresses these issues below.

### 1. Letters Submitted by Counsel

The Court has reviewed the letters from Plaintiff's counsel dated January 15, 2009 and January 20, 2009 as well as the letter from Defendant's counsel dated January 20, 2009.

Plaintiff's request for additional discovery is denied. The window for discovery closed on July 2, 2007 (D.E. 31) and there are no compelling reasons to reopen discovery.

In light of the distance the parties and witnesses must travel to attend the trial in this case, the Court partially modifies its January 15, 2009 order (D.E. 67). The parties are

1

no longer required to be ready for trial upon forty-eight hours notice after January 28, 2009.

**2.   Firm Trial Date**

The case is hereby given a firm trial date of March 2, 2009 at 2:00 p.m. in Courtroom 15B in the Federal Courthouse, 500 Pearl Street, New York, New York.  The Court will conduct a bench-trial.  See Fed. R. Civ. P. 38.

**3.   Pretrial Joint Order**

On or before February 17, 2009, the parties shall file a Joint Pretrial Order pursuant to the Court's Individual Practices.  See Individual Practice of the Hon. Kimba M. Wood, 3.A (attached).  The Joint Pretrial Order should be submitted to the Court on a Compact Disc in WordPerfect version 5.1 or higher format.

**4.   Trial Testimony**

By February 20, 2009, counsel shall prepare and exchange statements containing the direct testimony of each witness they intend to call.  These witness statements should be provided to the Court in paper form and on a Compact Disc in WordPerfect version 5.1 or higher format.  These witness statements shall be used at trial in accordance with the following procedure.

    A. Form of Statement

For each witness whose direct testimony will be presented in statement form, counsel shall prepare a statement setting forth

in declaratory form all of the facts to which that witness will testify. The facts shall be stated in narrative form, rather than question and answer form. The statement shall contain all of the relevant facts to which the witness would testify, including any facts necessary to establish the foundation for the testimony. It need not be sworn or notarized.

### B. Use of Statements

At the trial, each witness whose direct testimony previously has been submitted in statement form shall take the stand and under oath shall adopt the statement as true and correct. The party offering that witness then shall offer the statement as an exhibit, subject to appropriate objections by the opposing party on which the court will then rule.

The witness then will be allowed to supplement his or her statement by any additional live direct testimony considered necessary by counsel. Thereafter cross-examination and any redirect shall proceed in the ordinary course.

### C. Exceptions to Use of Statement

Statements will be required of the parties and other witnesses under their control. Parties shall not submit statements for witnesses who are not under their control, and shall not submit statements for persons whose attendance must be compelled by subpoena.

D. <u>Exhibits</u>

Documents referred to in witness statements may be attached to witness statements; however, each document offered by a party must also be pre-marked and exchanged along with other proposed exhibits in the usual fashion.

**5.   Pretrial Conference**

A pretrial conference shall be held before the Court on March 2, 2009 at 10:00 a.m. in Courtroom 15B in the Federal Courthouse, 500 Pearl Street, New York, New York.

SO ORDERED.

Dated:   New York, New York
         January 29, 2009

*/s/ Kimba M. Wood*
Kimba M. Wood
United States District Judge

4

Counterresponse"). The Counterresponse must conform to the guidelines for a 56.1 Response above.

   v. **Multiple 56.1 Statements.** If multiple parties are submitting 56.1 Statements, they must coordinate their statements to ensure that all paragraphs making assertions regarding a particular fact are identically numbered.

   vi. **Permission to File Motion for Summary Judgment.** Upon receipt and review of all 56.1 Statements, Responses, Counterstatements, and Counterresponses, the Court will inform the parties whether a motion for summary judgment is warranted.

3. **Pretrial Procedures**

 A. **Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case, the parties shall submit to the Court for its approval a joint pretrial order, which shall include the following:

   i. The full caption of the action.

   ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

   iii. A brief statement by plaintiff as to the basis for subject matter jurisdiction, and a brief statement by each of the other parties as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

   iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

   v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days anticipated.

   vi. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

   vii. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

  viii. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

  ix. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

  x. A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which there are objections, but no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

  xi. In jury cases, proposed voir dire questions and requests to charge. Prior to submitting their requests to charge to the Court, parties shall (1) provide their proposed jury charges to each other; (2) meet to discuss their charges in an effort to agree to as many proposed charges as possible; and (3) prepare a single compact disc ("CD") for the Court which provides, for each charge, either (a) the agreed to proposed charge, or, to the extent the parties cannot agree on a proposed charge, (b) Plaintiff's proposed charge with (i) Defendant's objections to that charge (both cuts and additions) reflected in red-line edits to the proposed charge, or, if Defendants object to Plaintiff's charge in its entirety, (ii) Defendant's own proposed charge. In preparing the foregoing, the parties must provide legal authority for any jury charge they jointly or singly propose, as well as for any objection they raise to another party's proposed charge. They shall submit this CD to the Court with their pretrial order;

  xii. In nonjury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

  xiii. In all cases, a statement describing motions addressing any evidentiary or other issues which should be resolved <u>in limine</u>; and

  xiv. In any case where such party believes it would be useful, a pretrial memorandum.

  **B.** **Ready Trial Date**. A case will be deemed Ready for Trial on the date the parties submit the Joint Pretrial Order. At any time after the Ready Trial date, the Court may call the parties to trial upon forty-eight hours notice. No adjournment of that trial date will be permitted, unless

5